UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

CIVIL NO. 17- CV-_____

| | |
|---|---|
| JENNA O'LEARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAINE SCHOOL | ) |
| ADMINISTRATIVE | ) |
| DISTRICT #27, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Jenna O'Leary complains against Maine School Administrative District # 27 ("MSAD #27") as follows:

## PARTIES AND JURISDICTION

1. This is a civil action commenced under 42 U.S.C. § 1983 seeking damages against Defendant for committing acts, under color of law with the intent and for the purpose of depriving Plaintiff of rights secured under the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794. It involves the Plaintiff's exclusion from her high school graduation ceremonies and events for reasons related to her disability.

2. This case arises under 42 U.S.C. Section 1983. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331; and 28 U.S.C §1343(3) and (4).

3. Venue is appropriate in this judicial district under 28 U.S.C. §1392(b) because the events that give rise to this Complaint occurred with the district of Maine.

4. The Plaintiff is a resident of St. Francis, County of Aroostook, Maine.

5. The Defendant MSAD #27 ("MSAD #27") is a public school district which receives federal funding; and it is the local education agency responsible for providing an education to children in St. Francis.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff Jenna O'Leary ("Ms. O'Leary") completed high school at Community High School in Fort Kent in June 2016, having met all of the requirements to earn a high school diploma.

7. In grade school, Ms. O'Leary was identified as a student with a disability and was provided with accommodations as part of a Section 504-plan created to give her access to educational opportunities provided by MSAD #27.

8. Ms. O'Leary suffers from an anxiety disorder that frequently manifests in physical illness. When she has an anxiety attack Ms. O'Leary will often become excessively sleepy and not be able to get out of bed, and she will

experience gastrointestinal distress that keeps her in the bathroom for long periods of time. She is often unable to leave home during these types of anxiety attacks which can last hours or go on for days.

9. MSAD #27 was, at all relevant times, aware of the nature and severity of Ms. O'Leary's disability and her need for reasonable accommodations. MSAD #27, in cooperation with Ms. O'Leary's mother and input from Ms. O'Leary's treating physician, had created and implemented Section 504-plans throughout Ms. O'Leary's school years.

10. The most recent 504-plan, which was in effect during the spring of Ms. O'Leary's twelfth grade year, noted her struggles with the symptoms of her condition and the difficulties these symptoms caused with her ability to keep a regular schedule. The 504-plan provided an accommodation that teachers would not question Ms. O'Leary about her multiple absences.

11. For much of the 2015-2016 school year, Ms. O'Leary's 504-plan provided for an abbreviated school day, an accommodation that was endorsed by her treating physician. Ms. O'Leary was relatively successful with the abbreviated day.

12. Despite the 504-plan and the medical necessity of the abbreviated day, MSAD #27 abruptly changed Ms. O'Leary's schedule in March 2016. The reason

MSAD #27 administrators gave for this change was a school board policy that restricted participation in graduation events to "full time" students.

13. Ms. O'Leary's mother agreed to change Ms. O'Leary's schedule in contravention to the recommendations of Ms. O'Leary's physician because of the threat that her daughter would be excluded from graduation events.

14. Given Ms. O'Leary's struggles through her school years, completing high school was an accomplishment she and her parents were proud of. Participation in graduation was therefore an important marker of success for Ms. O'Leary and her family.

15. High school graduation is a significant and unifying community event in the small rural town in northern Maine where Ms. O'Leary and her family reside. The entire town celebrates each year's graduating class.

16. Ms. O'Leary's struggles with anxiety increased during the spring of 2016, but she persevered and completed the school year.

17. In anticipation of graduation, Ms. O'Leary's mother invited family from nearby and from out of town to attend the graduation ceremony.

18. In advance of graduation, MSAD #27 mailed a series of notices to graduating students and their families stating the policies and procedures for graduation. Among the polices was a requirement that graduating students attend multiple graduation rehearsals known as "marching practice." The requirement

4

was spelled out on a notice that read: "Out of fairness to all other seniors, everyone must be present [at marching practice] to avoid confusion. Attendance will be taken at every rehearsal. YOUR TIME AND COOPERATION IS REQUIRED. Appointments should be made outside of marching practice. Students will not be excused during this time." (Emphasis in original.)

19. On the morning of the first scheduled marching practice, Ms. O'Leary suffered a severe anxiety attack. She became physically sick and spent most of the morning in the bathroom. Her mother contacted Ms. O'Leary's physician who saw her the next day.

20. Ms. O'Leary's physician wrote two notes verifying her anxiety-related physical illness and Ms. O'Leary's mother provided these notes to MSAD #27 administration.

21. MSAD #27 refused to accept the physician's notes as documentation of Ms. O'Leary's disability-related need to miss "marching-practice," going so far as to accuse Ms. O'Leary's mother of forging or otherwise faking the notes.

22. Ms. O'Leary's mother reminded MSAD #27 administrators of her long history of physical illness related to anxiety and the accommodations currently in place in her 504-Plan.

23. MSAD #27 administrators refused to allow Ms. O'Leary to participate in graduation citing the district's policy policy that "students will not be excused during" the rehearsals.

24. Despite requests from Ms. O'Leary's mother and the physician's notes, MSAD #27 refused to modify this policy in order to accommodate Ms. O'Leary's disability.

25. As a result, Ms. O'Leary did not participate in her high school graduation. She received her diploma in the mail several days after the graduation ceremonies.

26. Ms. O'Leary suffered all of the grief and humiliation any graduating high school student would experience in this situation, but hers was magnified by her anxiety disorder. She spent weeks in a depressed state. She slept excessively and struggled to get out of bed to engage in any activities of daily living including going to work. She has only negative and painful memories of her high school graduation.

## CAUSES OF ACTION

### COUNT ONE
### Civil Rights Pursuant To 42 U.S.C. § 1983

27. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

28. MSAD #27 has deprived Ms. O'Leary of her federal statutory rights by failing and refusing to provide reasonable accommodations, specifically allowing a slight modification to a school district policy, that would have allowed Plaintiff to participate in the graduation ceremonies and events at her high school.

29. MSAD #27, has deprived Ms. O'Leary of her federal statutory rights by excluding her, solely by reason of her disability, from participation in the high school graduation ceremonies with her classmates.

30. MSAD #27 is a public school receiving federal funding, acted under the color of law when it deprived Ms. O'Leary of her federal rights and otherwise discriminated against her solely based upon her disability.

31. As a direct and proximate result of MSAD #27's violation Ms. O'Leary has sustained injuries and damages.

## COUNT TWO
## Disability Discrimination In Violation of
## The Americans With Disabilities Act
## 42. U.S.C.A. §§ 12101 et seq.

32. Plaintiff incorporates and restates the above paragraphs as if fully set forth herein.

33. The American's with Disabilities Act and its implementing regulations prohibit discrimination on the basis of disability by public entities including school districts.

34. Ms. O'Leary is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

35. Ms. O'Leary was qualified to participate in her high school graduation. She had completed all of the requirements to graduate from high school.

36. MSAD #27 discriminated against Ms. O'Leary when it denied and refused to allow her to participate in graduation ceremonies solely by reason of her disability.

37. MSAD #27 was well aware of the nature and severity of Ms. O'Leary's disability and her need for accommodations having provided accommodations with regard to regular school attendance through a 504-plan designed with input from Ms. O'Leary's mother and Ms. O'Leary's treating physician.

38. Ms. O'Leary's mother specifically requested the accommodations her daughter required in order to take part in the graduation ceremonies. Her request was supported by two notes from Ms. O'Leary's physician.

39. MSAD #27 refused to provide reasonable accommodations, specifically it refused to modify or provide an exception to its graduation rehearsal attendance policy in order to accommodate Ms. O'Leary's disability.

40. MSAD #27 refused to allow Ms. O'Leary to participate in graduation ceremonies on the basis of her disability-related need to miss one of several graduation rehearsals.

## COUNT III
## VIOLATION OF THE REHABILITATION ACT
## 29 U.S.C.A. § 701 et seq.

41. Plaintiff incorporates and restates the above paragraphs as if fully set forth herein.

42. Ms. O'Leary is a "disabled" individual as defined by the Rehabilitation Act, 29 U.S.C. § 705.

43. The Rehabilitation Act and its implementing regulations prohibit federally funded institutions, such as school districts from discriminating against individuals with disabilities for reasons related to their disabilities. It requires that a covered entity make reasonable accommodation to enable meaningful access to services provided by that entity.

44. Ms. O'Leary had a Section 504-plan in place prior to her graduation from high school. The plan included accommodations related to her disability-created difficulties maintaining a regular schedule and her need for flexibility in attendance policies.

45. Ms. O'Leary has been denied and excluded from the opportunity to participate in and benefit from the benefits of activities provided by MSAD #27, specifically participation in graduation events with her graduating class.

46. As a result of MSAD #27's denial and exclusion from the graduation activities, it violated the Rehabilitation Act by discriminating against Ms. O'Leary in a number of ways, including but not limited to: refusing to provide a reasonable accommodation in the form of excusing Ms. O'Leary from one of multiple graduation rehearsals; and denying Ms. O'Leary the opportunity to participate in graduation events with her classmates based solely on her disability.

47. By reason of her disability and need for reasonable accommodations, MSAD #27 denied Ms. O'Leary the opportunity to receive the benefit of MSAD #27's programs and activities that are available to other qualified students.

48. As a direct and proximate result of MSAD #27's unlawful discrimination, Ms. O'Leary as sustained injuries and damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant providing the following relief:

(a) Compensatory damage in whatever amount that Plaintiff is found to be entitled;

(b) An Order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

(c) An award of interest, costs, and reasonable attorney's fees;

(d) Such other and further relief as the Court deems appropriate.

Dated:  June 15, 2017                                   Respectfully submitted,

/s/ Amy Phalon
Amy Phalon
MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651
*E-mail:  aphalon@mpmlaw.com*